IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT A. BALL, | ) | CIVIL NO. 11-00454 LEK-BMK |
| Plaintiff, | ) | |
| vs. | ) | |
| STATE OF HAWAII, DEPARTMENT OF ATTORNEY GENERAL, | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

On July 22, 2011, pro se Plaintiff Robert A. Ball ("Plaintiff") filed a Complaint against the State of Hawaii, Department of Attorney General ("Complaint"), and an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE because it fails to state a claim upon which relief can be granted. Further, the Court HEREBY DENIES the Application as moot.

**BACKGROUND**

The Complaint does not set forth a coherent narrative for the Court to sufficiently determine the factual or legal grounds upon which Plaintiff seeks relief. Although Plaintiff's Complaint specifies neither the basis for this Court's jurisdiction nor the particular nature of his claims, in light of Plaintiff's pro se status, the Court will liberally construe his pleading as asserting a 42 U.S.C. § 1983 claim against a state agency. See Jackson v. Carey, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and quotation marks omitted)). It appears that Plaintiff seeks damages based upon allegedly erroneous rulings by Hawai'i state court judges.

Plaintiff states at the beginning of the Complaint that: "There has been a lot of corruption that was shown to the law of the United States and me by state of Hawaii Judges Kenneth Enright, Gerald Kibe, Rom Trader, and Laanson kapau (sic)." [Complaint at 1.] He demands "two and a Half Billion from the State of Hawaii for these judges act (sic) of corruption, the way they treated the law of the United States of America, and me in their court room, and their wrong decision against me." [Id.]

Plaintiff further alleges that the individuals who

sought restraining orders against him in state court "did not have any proof to back up their allegations, and these judges side (sic) with them. These people also want to take my first amendment right, freedom of speech away from me, when I know not even the Supreme Court of the United States can do this." [Id.] He claims that one petitioner "got a restraining order against me . . . , but perjured herself to get it (07-1-0785). Her report to Judge Enright said that I was fighting with others, when I was the one that got assaulted in front of her, in her back yard on April 17, 2007." [Id.] Plaintiff also states that, "[w]ith that restraining order, she also got two others that violate my first amendment right freedom of speech (09-1-0221, and 10-1-0342)." [Id.]

According to the Complaint, a second petitioner obtained a restraining order against him "(1SS08-1-00700) that violates my first amendment right, freedom of speech." [Id. at 2.] With respect to the granting of this temporary restraining order, Plaintiff alleges that "Judge Gerald Kibe only did this because I told Ilona go bomb Pearl Harbor and called her A Jap, which both of them are. If this is the case, he is supposed to excuse himself from hearing the case." [Id.] He also alleges that "judge Kibe keeps giving out restraining orders against me without proof." [Id. at 3.]

Plaintiff then makes allegations regarding a civil law

suit he filed against the parties who obtained restraining orders against him. Plaintiff alleges that he "pointed out to Judge Enright that he applied for the restraining order the same day he received my civil law suit, (09-1-0786RAT) that he tried to avoid my civil law suit." [Id. at 2-3.] According to Plaintiff, "I have never threatened or hit any of these people. They all want to stick their nose in my business and cause a lot of trouble for me after I almost died." [Id. at 3.]

With respect to the effect of the entry of the temporary restraining orders against him, Plaintiff claims that he

> ended up back at Castle [M]edical Center with major depression. Since then I have been homeless, I have caught many infections and neither of these people care to do what is right. These people need to realize that I had to go through F.B.I. background checks, just to work with children, but that got ruined after I received a police record that I did nothing to deserve and I am very sick of the way people do illegal things because they want to control others.

[Id.]

## **DISCUSSION**

This district court has recognized that:

> A court may deny leave to proceed *in forma pauperis* at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998).

4

> As such, *pro se* plaintiffs proceeding *in forma pauperis* "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 [(9th Cir. 1987)] (internal citations omitted).

Lopez-Ruiz v. Tripler Army Med. Ctr., Civil No. 11-00065 SOM/KSC, 2011 WL 466784, at *1 (D. Hawai`i Feb. 4, 2011) (some alterations in original).

## I. **Plaintiff Fails to State a § 1983 Claim**

The Court liberally construes Plaintiff's allegations as asserting a claim pursuant to 42 U.S.C. § 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Plaintiff's Complaint, however, does not state a plausible § 1983 claim. First, Defendant State of Hawaii, Department of the Attorney General, is a state agency and "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)).

Second, as noted by this district court in another

5

order dismissing a complaint filed a pro se plaintiff seeking to proceed *in forma pauperis*:

> Even if the court could construe the Hawaii State Hospital as a local governmental unit susceptible to liability under § 1983, Lawrence fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007); <u>City of Canton, Ohio, v. Harris</u>, 489 U.S. 378, 385 (1989). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, --------, 127 S. Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Lawrence has not stated a claim under § 1983 against the Hawaii State Hospital . . . .

<u>Lawrence v. Kaneohe State Hosp.</u>, Civil No. 11-00020 SOM-KSC, 2011 WL 280958, at *2 (D. Hawai`i Jan. 25, 2011) (some alterations in original). Similarly, in the present case, even if the state agency were susceptible to suit under § 1983, the Complaint does not allege that it had deliberate policies, customs or practices that were the moving force behind Plaintiff's alleged constitutional injury.

Finally, to the extent Plaintiff seeks damages for allegedly improper decisions by state court judges acting in their judicial capacities, he fails to state a claim. Judges are immune from liability for damages for acts committed within their judicial jurisdiction. <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1012

(9th Cir. 2000). The Court therefore DISMISSES Plaintiff's § 1983 claim WITHOUT PREJUDICE.

## II. Leave to Amend

The Court grants Plaintiff until **August 19, 2011** to file an amended complaint that cures the deficiencies identified in this Order. The Court cautions Plaintiff that it will not refer to his original Complaint to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Further, as a general rule, "when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent.'" Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (alteration in Rhodes)). Thus, if Plaintiff wishes to include the Defendant named in the original Complaint in the amended complaint, and if he wishes to reallege any of the claims alleged in the original Complaint in the amended complaint, he must do so expressly, and must sufficiently allege each claim and each defendant's involvement. The failure to rename any defendant or reallege any claim in any amended complaint will be deemed a waiver. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint,

filed July 22, 2011, is HEREBY DISMISSED WITHOUT PREJUDICE and Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit is HEREBY DENIED AS MOOT.

The Court GRANTS Plaintiff until **August 19, 2011** to file an amended complaint that addresses the deficiencies identified in this Order.  The Court CAUTIONS Plaintiff that his failure to file his amended complaint by **August 19, 2011** will result in the AUTOMATIC DISMISSAL of this action for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2011.



 /S/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States District Judge

**ROBERT A. BALL V. STATE OF HAWAII; CIVIL NO. 11-00454 LEK-BMK; ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**