```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

ROBERT A. BALL,                  )   CIVIL NO. 11-00454 LEK-BMK
                                 )
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
STATE OF HAWAII, DEPARTMENT      )
OF ATTORNEY GENERAL,             )
                                 )
          Defendant.             )
_____  )
```

## ORDER DISMISSING CASE WITH PREJUDICE

On July 22, 2011, pro se Plaintiff Robert A. Ball ("Plaintiff") filed a Complaint against the Defendant State of Hawaii, Department of Attorney General ("Complaint"), and an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). In a July 29, 2011 Order, the Court dismissed the Complaint without prejudice and denied the Application as moot. The Court granted Plaintiff until August 19, 2011 to file an amended complaint. [Dkt. no. 4.] In the July 29, 2011 Order, the Court cautioned Plaintiff that, if he did not file his amended complaint by August 19, 2011, the Court would dismiss this action for failure to state a claim. [Id. (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).].

Plaintiff did not file an amended complaint by August 19, 2011 as ordered by the Court.

Federal Rule of Civil Procedure 16(f)(1) provides, in

pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff failed to obey the Court's July 29, 2011 Order.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendant will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

In accordance with the foregoing, the case is HEREBY DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).

DATED AT HONOLULU, HAWAII, August 31, 2011.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERT A. BALL V. STATE OF HAWAII; CIVIL NO. 11-00454 LEK-BMK; ORDER DISMISSING CASE WITH PREJUDICE**